# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARTHA A. MENESES, | DOCKET NUMBERS |
| Appellant, | SF-0353-24-0706-I-1 |
| | SF-0353-25-0235-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: March 4, 2026 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Guillermo Mojarro, Corpus Christi, Texas, for the appellant.

Roderick Eves, Michael Tita, and Carisa LeClair, St. Louis, Missouri,
for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed petitions for review of the initial decisions, in
MSPB Docket No. SF-0353-24-0706-I-1 (0706 appeal), which denied her request
for corrective action in her restoration appeal, and SF-0353-25-0235-I-1
(0235 appeal), which dismissed her restoration appeal on the grounds of
adjudicatory efficiency. Generally, we grant petitions such as these only in the
following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we JOIN them for adjudication on review under 5 C.F.R. § 1201.36.[2] We conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review in her 0706 appeal. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). The appellant's petition for review of the initial decision dismissing her 0235 appeal on the basis of adjudicatory efficiency is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The appellant is employed by the agency as a Clerk at the Hemet Post Office in Hemet, California. *Meneses v. U.S. Postal Service*, MSPB Docket No. SF-0353-24-0706-I-1, Initial Appeal File (0706 IAF), Tab 1 at 1. She suffered an on-the-job injury on February 3, 2022. *Id.* at 7-8. The Office of Workers' Compensation Programs (OWCP) accepted her claim for a right knee contusion, right shoulder strain, right hip contusion, and lumbar spine sprain in connection with her injury. *Id.* In April 2022, the agency offered, and the appellant

---

[2] Joinder of two or more appeals filed by the same appellant is appropriate when doing so would expedite processing of the cases and not adversely affect the interests of the parties. *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2), (b). We find that these appeals meet the regulatory criteria, and therefore, we join them. *See Tarr*, 115 M.S.P.R. 216, ¶ 9.

accepted, a modified assignment as an "SSA/Window Clerk." *Id.* at 12-13. The limited-duty assignment reflected that the appellant's medical restrictions included that she should not stand, walk, bend, squat, knee bend, or climb stairs for more than 20 cumulative minutes per hour, not climb ladders at all, and not lift/carry/push/pull more than 10 pounds. *Id.* The appellant worked in this and substantially similar limited-duty positions until July 17, 2024. *Id.* at 10-11, Tab 5 at 14. On July 18, 2024, the appellant requested restoration and informed the agency that "she need[ed] a new job offer within [her] known medical restrictions" as permitted under the Americans with Disabilities Act and the Rehabilitation Act of 1973. 0706 IAF, Tab 1 at 2, 28, Tab 5 at 5.[3] At some point in July or August 2024, the agency offered the appellant a modified assignment as an SSA with an effective date of July 22, 2024. 0706 IAF, Tab 1 at 14-15. The appellant thereafter filed the instant restoration appeal and requested a hearing. 0706 IAF, Tab 1.

In her initial appeal, the appellant argued that the agency constructively suspended her and denied her restoration when it forced her to work outside of her medical restrictions from April 11, 2023, to July 17, 2024, failed to return her to work in a position within her "known medical restrictions," and offered her a position that violated her medical restrictions. 0706 IAF, Tab 1 at 2, Tab 5 at 14. With her appeal, the appellant submitted medical documentation indicating that she suffered from an "Essential Tremor" and updating her restrictions to reflect that she should not stand or walk for more than 10 cumulative minutes per hour; bend, squat, knee bend, or climb stairs for more than 5 cumulative minutes per hour; lift/carry/push/pull more than 15 pounds; and she needed to avoid using a keyboard, a mouse, and handwriting more than 10 minutes per hour. 0706 IAF, Tab 1 at 20-24.

---

[3] This was the first of the appellant's many requests for restoration and reasonable accommodations. 0706 IAF, Tab 1 at 28-39, Tab 5 at 15-17, 20-21, Tab 36 at 34-36.

The administrative judge found that the appellant established jurisdiction over the denial of restoration claim related to her status as a partially recovered employee.[4] 0706 IAF, Tab 20. After holding the appellant's requested hearing, the administrative judge issued a February 6, 2025 initial decision finding that she did not prove her restoration claim as a partially recovered employee by a preponderance of evidence. 0706 IAF, Tab 59, Initial Decision (0706 ID) at 1, 18-19, 28; 0706 IAF, Tabs 57-58, Hearing Audio (HA). In so finding, the administrative judge determined that the appellant had established she was absent due to a compensable injury and had requested restoration. 0706 ID at 18. However, he concluded that she did not prove that the agency denied her request for restoration. 0706 ID at 12-19. He also concluded that she did not establish her affirmative defenses of discrimination and retaliation. 0706 ID at 19-28.

On January 29, 2025, just 8 days before the administrative judge issued the initial decision in her first restoration appeal, the appellant filed a second Board appeal again alleging that the agency violated her restoration rights when it offered her a position outside of her known medical restrictions. *Meneses v. U.S. Postal Service*, MSPB Docket SF-0353-25-0235-I-1, Initial Appeal File (0235 IAF), Tab 1 at 1 at 2. On February 14, 2025, the agency moved to dismiss the appeal as barred by the doctrine of collateral estoppel. 0235 IAF, Tab 7 at 4-7. The administrative judge thereafter issued an Order to Show Cause informing the appellant that her appeal may be barred by the doctrines of collateral estoppel or adjudicatory efficiency based on her prior restoration appeal, apprising her of the elements and burden of proof regarding the doctrines, and ordering both parties to respond on the applicability of the doctrines by February 24, 2025. 0235 IAF, Tab 8. On February 26, 2025, after neither party

---

[4] The administrative judge concluded that the Board lacked jurisdiction over the appellant's constructive suspension claim because, as a non-preference eligible postal service clerk, she does not have appeal rights to the Board under 5 U.S.C. chapter 75. 0706 ID at 10; 0706 IAF, Tab 28 at 1-3. The appellant does not challenge this finding on review, and we discern no reason to disturb this finding.

responded, the administrative judge issued an initial decision without holding the appellant's requested hearing, dismissing the appeal for lack of jurisdiction on the grounds of adjudicatory efficiency. 0235 IAF, Tab 9, Initial Decision (0235 ID). He reasoned that the appellant had filed a prior Board appeal challenging the same restoration that resulted in an initial decision denying her claim, which was subject to further review because the decision was not final. 0235 ID at 1-7.

The appellant has filed petitions for review of each initial decision. *Meneses v. U.S. Postal Service*, MSPB Docket No. SF-0353-24-0706-I-1, Petition for Review (0706 PFR) File, Tab 3; *Meneses v. U.S. Postal Service*, MSPB Docket SF-0353-25-0235-I-1, Petition for Review (0235 PFR) File, Tab 3. On March 6, 2025, the appellant requested, and the Clerk of the Board granted, an extension of time to file a petition for review of the 0235 ID on or before May 2, 2025. 0235 PFR File, Tabs 1-2. The appellant filed her petition for review of the 0235 appeal on May 4, 2025, two days after the filing deadline.[5] 0235 PFR File, Tab 3. The Clerk of the Board issued an acknowledgment letter explaining that the filing deadline was May 2, 2025, identifying May 4. 2025, as the filing date, and informing the appellant that the Board's regulations require a petition for review that appears untimely to be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause, and setting a deadline for the appellant to file such a motion. 0235 PFR File, Tab 4 at 1-2, 5-6. The agency filed responses in opposition to each petition for review. 0706 PFR File, Tab 5; 0235 PFR File, Tab 5. The appellant filed a reply to the agency's response in the 0235 appeal but did not respond to the acknowledgment letter. 0235 PFR File, Tab 6.

---

[5] In her 0235 petition for review, the appellant does not address or dispute the administrative judge's findings in the initial decision. 0235 PFR File, Tab 3 at 5-29. Instead, it is the same pleading filed in her 0706 appeal. *Compare id.*, *with* 0706 PFR File, Tab 3 at 4-28.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that the appellant did not prove that the agency denied her request for restoration by preponderant evidence.</u>

The Federal Employees' Compensation Act (FECA) and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353 provide, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016); *see* 5 U.S.C. § 8151(b). Under OPM's regulations, such employees have different substantive rights based on whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.301. Partially recovered employees, like the appellant, are those who, "though not ready to resume the full range" of duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." *Kingsley*, 123 M.S.P.R. 365, ¶ 9 (quoting 5 C.F.R. § 353.102).

OPM's regulations require that agencies "make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." *Id.*, ¶ 10 (quoting 5 C.F.R. § 353.301(d)). To prevail on the merits of a restoration appeal as a partially recovered employee, an appellant must prove by a preponderance of the evidence that: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious. *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 12; *Kingsley*, 123 M.S.P.R. 365, ¶¶ 11-12; 5 C.F.R. § 1201.57(c)(4). An agency's denial of restoration is only arbitrary and capricious if it failed to make every effort to

search within the local commuting area for vacant positions to which it could restore the employee and to consider her for any such vacancies. *Cronin*, 2022 MSPB 13, ¶¶ 20-21.

The administrative judge found, and the parties do not dispute, that the appellant proved the first element of her restoration claim. 0706 ID at 12, 18. We discern no basis to disturb this finding. He also determined that the appellant could establish the fourth element of her claim since it was undisputed that the agency did not search within the local commuting area for a vacant position for the appellant. 0706 ID at 12. Nonetheless, the administrative judge concluded that the appellant's restoration claim failed because she had not proven by preponderant evidence that the agency denied her request for restoration. 0706 ID at 14-19. Specifically, he found that the agency offered the appellant a limited-duty assignment to an SSA position consistent with the medical restrictions of her compensable injury and it had no obligation to restore her to a position based on her non-work-related injury. *Id.* On review, the appellant challenges the administrative judge's findings.[6] 0706 PFR File, Tab 3 at 4-22. For the following reasons, we agree that the appellant did not prove her restoration claim by preponderant evidence.

The appellant is not entitled to restoration rights under 5 C.F.R. part 353 based on her noncompensable medical conditions.

The appellant asserts on review that the agency denied her restoration when, according to her, it forced her to take sick leave because it did not allow her "to work within her known medical restrictions." 0706 PFR File, Tab 3

---

[6] For the first time on review, the appellant has submitted a decision from OWCP's Branch of Hearings and Review vacating its December 30, 2024 decision denying her wage loss claim based on her absences beginning in July 2024 and remanding the case for further action. 0706 PFR File, Tab 3 at 29-35. Even considering this documentation, we find that it does not warrant a different outcome of this appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

at 4-28. According to her, a position as a Customer Care Agent at the Los Angeles Customer Care Center (LACCC) or a Lobby Director would allow her to work within her restrictions. *Id.* at 15-24. In referencing her "known medical restrictions," the appellant suggests that she is entitled to restoration to a position that accommodates both her compensable and noncompensable injuries. *Id.* at 4-28. Her argument is without merit. As the administrative judge correctly explained, restoration rights apply to an employee's compensable injuries. 0706 ID at 14; *see* 5 C.F.R. §§ 353.102, 353.301. A compensable injury is defined as one that is accepted by OWCP as job-related and for which medical or monetary benefits are payable from the Employees' Compensation Fund. *See Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 14 (2016). The determination of whether an individual suffers from a compensable medical condition is within the exclusive purview of OWCP. *Id.*

Here, the appellant is essentially challenging the agency's failure to restore her to a position that allows her to avoid using a keyboard, mouse, and handwriting for more than 10 minutes per hour based on her essential tremor diagnosis. 0706 PFR File, Tab 3 at 5-10; 0706 IAF, Tab 1 at 2, Tab 5 at 15-17. However, the record reflects, and the appellant testified, that her tremors are not a work-related injury and OWCP has not accepted her claim for that injury. 0706 PFR File, Tab 3 at 13-14, 29-35; 0706 IAF, Tab 1 at 7-8, Tab 57, HA (testimony of the appellant). Therefore, she is not entitled to restoration based on that noncompensable injury. *See Hamilton*, 123 M.S.P.R. 404, ¶ 14 (finding that an appellant had no restoration rights under FECA based on a medical condition that was not job-related). Further, as the administrative judge correctly acknowledged, the Board has found that an agency is not obligated to restore or provide limited duty for restrictions resulting from non-work-related injuries. 0706 ID at 14; *see As'Salaam v. U.S. Postal Service*, 85 M.S.P.R. 76, ¶ 15 (2000) (holding that the appellant's arguments regarding his medical limitations not related to a compensable injury were not relevant to his restoration

appeal). Accordingly, we agree that the agency did not deny her request for restoration when it did not consider her noncompensable injury in its limited-duty assignment offer.

The appellant did not prove that the agency denied her restoration when it offered her a limited-duty assignment to an SSA position.

The appellant also argues that the agency effectively denied her restoration when it offered her the SSA position because it is "well outside of [her] known restrictions." 0706 PFR File, Tab 3 at 4-15. Her assertion is unavailing. Under certain circumstances, the Board has determined a restoration may be deemed so unreasonable as to amount to a denial of restoration. *See Kingsley*, 123 M.S.P.R. 365, ¶ 13. For example, a job offer that requires an appellant to perform duties outside of her medical restrictions is tantamount to a denial of restoration. *See Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 9 (2013). Allegations that a partially recovered appellant is incapable of performing the job duties of the position to which she was restored may also be an effective denial of restoration. *Kingsley*, 123 M.S.P.R. 365, ¶ 13. Here, the record reflects that the SSA position incorporates her restrictions from her compensable injury. 0706 IAF, Tab 1 at 14-15, 21-24. Moreover, as the administrative judge correctly determined, although the appellant is unable to perform the duties of the SSA position, her inability to perform "is solely due to the restrictions that derive from her non-work-related medical condition that results in tremors in her hands." 0706 ID at 14-15. Thus, the agency's offered position is not an effective denial of restoration.

The appellant did not establish that the agency engaged in disability discrimination because she did not meet her burden of proving that she is a qualified individual with a disability.

On review, the appellant challenges the administrative judge's findings with respect to her disability discrimination affirmative defense. 0706 PFR File, Tab 3 at 14-24. In particular, she reasserts that the agency failed to accommodate

her disability. *Id.* It is illegal for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a);[7] *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. An employer is required to provide reasonable accommodation to an otherwise qualified individual with a disability. 42 U.S.C. § 12112(b)(5)(A); *Haas*, 2022 MSPB 36, ¶ 28. Thus, both a claim of disability discrimination based on an individual's status as disabled and a claim based on an agency's failure to reasonably accommodate that disability require that the individual be "qualified." *Haas*, 2022 MSPB 36, ¶¶ 28-30.

A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Haas*, 2022 MSPB 36, ¶ 28. The administrative judge found that the appellant was not "qualified" and thus could not establish disability discrimination on a failure to accommodate or disparate treatment theory. 0706 ID at 21-26. In so finding, he reasoned that (1) she could not perform the essential functions of her position with or without an accommodation; (2) there is no Lobby Director position at the agency; and (3) she did not establish that she could perform the essential functions of the Customer Care Agent with or without a reasonable accommodation when it requires the consistent use of a keyboard and mouse and she did not identify a reasonable accommodation that would allow her to perform the essential duties of the position within her medical restrictions. 0706 ID at 16-18, 20-25.

The appellant asserts on review that she is qualified because she could perform the same Lobby Director duties as another postal employee or the duties of a Customer Care Agent at the LACCC with a reasonable accommodation of a headset and some unidentified technological solution. 0706 PFR File, Tab 3

---

[7] The Rehabilitation Act has incorporated the standards of the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act of 2008. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 35.

at 15-24. We agree with the administrative judge. The appellant has not established that the Lobby Director is a vacant, funded position to which the agency could have reassigned her. *Id.*; *see Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 11 (2014). Furthermore, her assertion that the agency could have considered different technology vendors to accommodate her is insufficient to meet her burden of showing that an accommodation was available that would have enabled her to perform the duties of a Customer Care Agent. *See Clemens*, 120 M.S.P.R. 616, ¶ 17 (finding that an appellant's mere assertion that the agency could have allowed him to use specific software was insufficient to establish his burden that an accommodation existed and was reasonable). Therefore, we agree with the administrative judge that the appellant's disability discrimination claims, based on both disparate treatment and reasonable accommodation theories, must fail because she has not established that she is a qualified individual with a disability.

The appellant's remaining arguments in her 0706 petition for review provide no basis for review.

On review, the appellant argues that the administrative judge erred in dismissing her appeal without properly reviewing her discrimination claims. 0706 PFR File, Tab 3 at 4-5. However, the initial decision reflects otherwise. 0706 ID at 8-11, 19-28. We recognize that the administrative judge did not cite or discuss everything in the appellant's discrimination statement below. 0706 IAF, Tab 33. However, an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). In any event, the appellant has not identified any particular evidence that the administrative judge may have overlooked that might affect the outcome of this appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides

no basis to reverse an initial decision).  Accordingly, this argument provides no basis to disturb the initial decision.

The appellant also argues that the administrative judge's erred in denying her motion to compel discovery.  0706 PFR File, Tab 4 at 3.  The record does not indicate that the appellant preserved any objection to the administrative judge's discovery rulings, as required to preserve the alleged error for the Board's review.  *Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 14 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009); *see also Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (stating that the appellant's failure to object to rulings precludes him from doing so on review).  Moreover, the Board has held that administrative judges have broad discretion in ruling on discovery matters, and absent a showing of an abuse of discretion, the Board will not find reversible error in such rulings.  *Kingsley*, 123 M.S.P.R. 365, ¶ 16; *Vores*, 109 M.S.P.R. 191, ¶ 14.  Additionally, even if the administrative judge abused his discretion concerning his rulings below, the appellant must show how that error affected the result reached in his appeal.  *Vores*, 109 M.S.P.R. 191, ¶ 14.  In denying in part the appellant's motion to compel, the administrative judge found that her requests were either answered, duplicative, irrelevant, unclear, or overbroad.  0706 IAF, Tab 30.  The appellant's mere disagreement with the administrative judge's findings on review provides no basis to find that he abused his discretion or, even if he did, that such abuse of discretion affected the outcome in this appeal.  *See Vores*, 109 M.S.P.R. 191, ¶ 14.  This argument likewise provides no basis to disturb the initial decision.  Consequently, we affirm the administrative judge's finding that the appellant is not entitled to corrective action in the 0706 appeal.

<u>The appellant's petition for review of the initial decision dismissing her 0235 appeal as barred by adjudicatory efficiency was untimely filed without good cause shown for the delay.</u>

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial

decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on February 26, 2025, the appellant's petition for review was originally due on April 2, 2025, and the Clerk of the Board granted her request for an extension of time to file her petition for review no later than May 2, 2025. 0235 ID at 1, 8; 0235 PFR File, Tab 2 at 1. Therefore, her May 4, 2025 petition for review is untimely by 2 days.

The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Rivera*, 111 M.S.P.R. 581, ¶ 4 (citing *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)).

We find that the appellant has not demonstrated good cause for the untimely filing of her petition for review. Although the appellant has a non-attorney representative and her 2-day delay is not especially lengthy, the Board will waive its filing time limit only upon a showing of good cause. *See Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 16 (2009) (declining to waive the filing time limit for a 3-day filing delay when the appellant failed to show good cause for the delay). Here, the appellant has failed to make such a showing; indeed, she failed to respond to the notice affording her

the opportunity to file a motion to accept the filing as timely and/or to waive the time limit for good cause. *See Smith v. Department of the Army*, 105 M.S.P.R. 433, ¶ 6 (2007) (finding that the appellant failed to show good cause for his 1-day delay in filing his petition for review when he failed to respond to the notice instructing him to establish good cause for the untimely filing).

Accordingly, we dismiss the appellant's petition for review of the initial decision dismissing her 0235 appeal as barred by adjudicatory efficiency as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's 0235 appeal.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.